[Sac. No. 702.   Department One. — April 5, 1901.]

JOHN WOLFSKILL, Respondent, v. JAMES A. DOUGLAS, Appellant.

132  397
f132  400

LITIGATION BY DECEASED OWNER OF DITCH — ADVANCE OF EXPENSES BY DEVISEES — AGREEMENT FOR REIMBURSEMENT — CHARGE UPON REVENUES — ACTION FOR SHARE. — Where the owner of a ditch and, water rights died pending litigation concerning the same, and the husbands of two devisees of the decedent and a third devisee advanced equal sums with which to pay expenses ordered paid in such litigation, under an agreement that the sum paid should be charged in the account of such third devisee, as manager of the ditch, and if the expenditure was allowed by the probate court as a charge against the revenues of the ditch, the sum advanced by each should be repaid, and such allowance was afterwards made, sufficient funds to pay the entire expenses theretofore collected from the revenues of the ditch by one party to the agreement became available for payment of the sum advanced by another, and he may maintain an action against such party for the debt due him.

ID. — FINDING — COLLECTION FOR REVENUES — VARIANCE — PLEADING — WILL OF REVENUES TO WIDOW — REPAYMENT BY WIDOW. — A finding, supported by the evidence, that the defendant collected from the revenues of the ditch the funds with which to repay plaintiff's share of the advances made, does not establish a substantial variance from the complaint, which showed that the will gave the revenues to the widow for life, and that she refunded and paid therefrom to the defendant, plaintiff's share of the advances.

APPEAL from an order of the Superior Court of Yolo County denying a new trial.   W. H. Grant, Judge.

The facts are stated in the opinion of the court.

Bush & Ish, and Byron Ball, for Appellant.

R. Clark, for Respondent.

VAN DYKE, J.— This is an appeal from an order denying defendant's motion for a new trial. A separate appeal from the judgment was considered by this court, and the judgment affirmed, February 7, 1900.

The first point made by the appellant is that the complaint states no cause of action; but in the opinion on affirmance of the judgment it is held that the complaint does state a cause of action sufficient to support the judgment.

James Moore, in his lifetime, was the owner of the "Moore Ditch," in Yolo County, and in his will devised the same in equal shares to his three children, R. E. Moore, and the wife of the plaintiff and the wife of the defendant herein, with a life interest in the revenues of said ditch to Mrs. Moore, later Mrs. Black. At the time of Moore's death the ditch water rights were being litigated, and certain expenses had accrued, which the court ordered paid. Thereupon the plaintiff, the defendant, and said R. E. Moore entered into an agreement by which they mutually agreed to advance the sum of four hundred dollars each to pay these expenses, and that the same should be charged in the account of said Moore as manager of said ditch, and if in the settlement of said account the expenses so advanced by plaintiff, defendant, and Moore should be allowed as proper charges against the revenue of said ditch, the same should be refunded. In pursuance of this agreement, each advanced four hundred dollars, which was used in the payment of said court expenses; and in January, 1894, the said account was settled and allowed by the superior court of Yolo County, and the charges so paid by plaintiff, defendant, and Moore were allowed as proper charges against the revenues of said ditch, and the funds theretofore collected by defendant from said ditch revenues then became available for the payment of the debt herein sued on.

The appellant contends that the evidence does not sustain the finding of the court that the defendant collected from the revenues of said ditch the funds with which to repay the plaintiff for the advances made, or that such funds ever came into the defendant's hands for such purpose. Moore testifies, "I know, according to my accounts, it was paid. I say he received it from the ditch revenues"; and the defendant, Douglas, was Moore's agent. We think the evidence sufficient to support the finding. But the appellant says that it is alleged in the complaint that said Mary A. Black refunded and paid

said four hundred dollars to the defendant, whereas the finding is that it was collected from the revenues of the ditch, and that the finding, therefore, does not correspond with the allegations of the complaint. This, however, is a mere play upon words. Mrs. Black was entitled to the revenues from the ditch, and if the money was collected from the revenues of the ditch, it was substantially a repayment on the part of Mrs. Black.

The action was not barred by the statute of limitation.

The order appealed from is affirmed.

Garoutte, J., and Harrison, J., concurred.